# Empire State Development

Charles A. Gargano
Chairman
and Chief Executive Officer

FOR CONSIDERATION
November 16, 2005

| | |
|---|---|
| TO: | The Directors |
| FROM: | Charles A. Gargano |
| SUBJECT: | New York (New York County) – Seventh Regiment Armory Civic Project |
| REQUEST FOR: | Affirmation of the General Project Plan, as Modified; Determination of No Significant Effect on the Environment; Authorization to Act as Agent on Behalf of The People of the State of New York to Execute a Lease and Related Documents for the Project |

Project Summary

| | |
|---|---|
| Lessee: | Seventh Regiment Armory Conservancy, Inc.<br>230 Park Avenue<br>New York, New York 10021<br>Wade F.B. Thompson, Chairman<br>212-249-5517 |
| Project Location: | Seventh Regiment Armory<br>643 Park Avenue<br>New York, NY 10021 |
| Proposed Project: | Restoration and renovation of the Seventh Regiment Armory for use as a cultural arts center for the visual and performing arts. The Seventh Regiment Armory Conservancy will lease the Seventh Regiment Armory for 99 years from the State of New York acting through ESDC, as Agent. |
| Project Team: | Project Management:    William Sherman<br>                       Carol Berens<br>Legal:                 Lawrence Gerson<br>Environmental:         Rachel Shatz |

Empire State Development Corporation
633 Third Avenue  New York, New York 10017-6754  Tel 212 803 3700  Fax 212 803 3715

EX. N

220

Project Completion:   Initial renovation to be completed within 10 years of lease-signing; lease to 2104, or 99 years

### Actions to Date

At their June 2005 meeting, the ESDC Directors made Civic Project Findings pursuant to Section 10 of the UDC Act, authorized the adoption the Proposed General Project Plan ("GPP") for the renovation of the Seventh Regiment Armory ("Armory") into a cultural arts center for the visual and performing arts. Pursuant to the Directors' authorization, ESDC held a duly-noticed public hearing at the Armory on July 21, 2005 at which oral and written comments were received from the public. Further written comments were accepted through August 21, 2005. A summary of all public comments received is set forth below. A transcript of the hearing and a copy of all written comments received is attached as an Exhibit. The complete background and description of the project is contained in the GPP which is attached as an Exhibit.

ESDC, as lead agency, conducted an environmental review for the Project pursuant to the State Environmental Quality Review Act ("SEQRA"). The resulting Environmental Assessment was made available for public review during the review and comment period for the GPP.

### Public Process

A total of 27 people spoke at the July 21, 2005 public hearing, and eight subsequent letters or statements were received during the open public hearing period. Eighteen speakers and four letters supported the proposed project, generally citing the years of neglect and deterioration that the Seventh Regiment Armory Conservancy's (the "Conservancy") involvement would reverse. The Armory's use as a cultural center was, for the most part, seen as an asset to the community and an important way of making the building more accessible to the general public. Representatives of elected officials including City Council member Eva Moskowitz and Assembly Member Jonathan Bing spoke in favor of the project as did a representative of New York City Landmarks and Preservation Commission Chairman Robert B. Tierney. Representatives from the National Trust for Historic Preservation, Hunter College, CIVITAS, Christie's as well as from those who fundraise for the various charities that have their benefits at the Armory spoke or entered written statements of support into the record.

Eight speakers opposed the project, the majority of whom either represented or supported the Veterans of the Seventh Regiment ("Veterans") and the Seventh Regiment Armory Fund ("Fund"), entities which claim ownership of the artifacts, fixtures and the building itself. These speakers stated that the State did not own the Armory and that the Veterans should control the building. In response to these comments, it should be noted that the State (Division of Military and Naval Affairs ("DMNA") and the Attorney General's Office) and ESDC have tried to negotiate with the Veterans and the Fund on the basis that the State controls the building as an Armory pursuant to New York State

2

Military Law. These talks have proved fruitless. The issue of ownership has resulted in litigation in which the Veterans and the Fund have sued the State and ESDC. The State continues to believe that the claims of the Veterans and the Fund are without merit.

Some negative letters in support of the Veterans and the Fund's efforts to restore the building indicated that these groups had submitted a proposal. In fact, the Veterans and the Fund did not submit a proposal in response to the RFP, a copy of which they were given. Members of these groups also attended the RFP information meeting and were aware of and participated in the public process.

It should be noted that under New York State Military Law, these groups are entitled to use from time to time parts of armories with the consent of DMNA. Under the proposed project, DMNA retains space within the Armory and can allow access to its retained space to the Veterans and the Fund.

Other negative testimony revolved around the request to remember the importance of the National Guard, specifically the history of the Seventh Regiment. In response, it should be noted that the Seventh Regiment is part of the New York State National Guard on whose behalf we are undertaking the project. The proposed project will restore the company rooms and have exhibits highlighting the history of the Seventh Regiment. The remaining negative testimony was critical of the State's maintenance of the building and cast doubts on the State's following through on its commitment to rehabilitate the Armory under this Project. An adjacent property owner expressed concerned about present maintenance of the building, asking that future maintenance be improved. In response, this Project is being undertaken in order to stem the deterioration of the building and to restore it.

Environmental Review

ESDC, as lead agency, has completed an environmental review of the proposed project, pursuant to the requirements of the State Environmental Quality Review Act ("SEQRA") and the implementing regulations of the New York State Department of Environmental Conservation. This review, which was coordinated with the involved agencies due to the project's Type I classification, found that the proposed project would not result in significant adverse impacts on the environment. Therefore, ESDC staff recommend that the Directors make a Determination of No Significant Effect on the Environment.

Due to the Armory's inclusion on the National Register of Historic Places, ESDC will ensure that consultation be conducted with the NYS Office of Parks, Recreation and Historic Preservation in connection with any capital improvements. This requirement will be incorporated in the proposed lease between the Conservancy and the State.

3

## Modifications to and Affirmation of the General Project Plan

The GPP attached to these materials is unchanged from the GPP adopted by the Directors on June 16, 2005 for purposes of public comment, with exception of the following substantive modifications:

(a) The original GPP states, under the section "Construction Obligations," that the construction (which is the total renovation of the building into a cultural arts facility) will be accomplished in a single phase within 10 years. The modification will allow the scope of the initial renovation to be done in phases to reflect the realities of fundraising and maintain flexibility of programming. If the work is done in phases, the completion date of the total construction will be extended to 15 years. This will not affect the rental commencement date.

(b) In the original GPP, the State retains responsibility for replacing capital items that have broken beyond repair. The modified GPP provides for the Conservancy to reimburse the State for such expenses within a maximum of seven years from time of repair.

## Attachments

Resolution
General Project Plan, dated June 16, 2005
Transcript of July 21, 2005 Public Hearing with copies of all written comments received through the August 21, 2005 comment period

November 16, 2005

NEW YORK (NEW YORK COUNTY) – Seventh Regiment Armory Civic Project – Affirmation of the General Project Plan, as Modified; Determination of No Significant Effect on the Environment; and Authorization to Act as Agent on Behalf of The People of the State of New York to Execute a Lease and Related Documents for the Project

---

RESOLVED, that on the basis of the materials presented to this meeting, a copy of which is hereby ordered filed with the records of the Corporation, relating to the Seventh Regiment Armory Civic Project (the "Project"), and pursuant to Section 16 of the New York State Urban Development Corporation Act of 1968, as amended, ("UDC Act"), after due consideration of: (1) the testimony given at the public hearing on July 21, 2005 on the proposed General Project Plan; (2) all comments received by the Corporation during the comment period concluding August 21, 2005; and (3) the Environmental Assessment prepared in connection with the Project, including responses to comments made at the public hearing or received thereafter, the Corporation does hereby affirm the General Project Plan, as modified, a copy of which is attached hereto and which has been presented to this meeting and is ordered filed with the records of the Corporation relating to the Project; and be it further

RESOLVED, that that based on the materials submitted to the Directors with respect to the Project, the Corporation hereby determines that the proposed action will not have a significant effect on the environment; and be it further

RESOLVED, that, pursuant to Section 16(2) of the UDC Act, on the basis of the materials presented to this meeting, a copy of which is hereby ordered filed with the records of the Corporation relating to the Project, and after full consideration of the oral and written public comments received by the Corporation on the essential terms of the proposed lease and related documents for the Project with the Seventh Regiment Armory Conservancy ("Conservancy") or an affiliate thereof and other parties, the Corporation hereby finds that such proposed lease and related documents are in conformity with the Project's General Project Plan as modified, and the Chairman or his designee(s) be, and each of them hereby is, authorized and directed to execute in the name and on behalf of the Corporation, substantially on the terms and conditions presented to this meeting, the proposed lease and related documents with the Conservancy or an affiliate thereof and other parties, including all exhibits thereto; and be it further

RESOLVED, that any and all acts performed by any officers of the Corporation prior to the date of these resolutions in furtherance of these or prior resolutions with respect to the Project are hereby ratified, adopted, confirmed, and approved in all respects; and be it further

225

RESOLVED, that the Chairman or his designee(s) be, and each of them hereby is, authorized and directed, in the name and on behalf of the Corporation, to execute and deliver any and all documents and to take any and all such actions as may be necessary or appropriate to effectuate the foregoing resolutions; and be it further

RESOLVED, that all continuing authority of the Chairman and his designee(s) to carry out the Project pursuant to the resolutions previously adopted and adopted today by the Directors with respect to the Project hereby is ratified and confirmed.

* * *