Case 1:07-cv-06851-BSJ-DCF    Document 11-30    Filed 10/04/2007    Page 1 of 5

Page 1
14 N.Y.S. 811, *; 1891 N.Y. Misc. LEXIS 2513, **

LEXSEE 14 NYS 811

**Veterans of Seventh Regiment v. Field Officers of Seventh Regiment et al.**

[NO NUMBER IN ORIGINAL]

SUPREME COURT OF NEW YORK, GENERAL TERM, FIRST DEPARTMENT

14 N.Y.S. 811; 1891 N.Y. Misc. LEXIS 2513

**May 15, 1891, Decided**

**PRIOR HISTORY:** [**1] Appeal from special term, New York county.

Action by the Veterans of the Seventh Regiment (corporation) against the Field Officers of the Seventh Regiment (corporation) and others to enjoin defendant from setting up any claim to the "Veterans' Room," in the seventh regiment armory in New York city, hostile to that of plaintiff, or molesting plaintiff in the exclusive use thereof. Laws N. Y. 1874, c. 234, authorizes the Field Officers of the Seventh Regiment to accept a lease and take a site for an armory at Sixty-Seventh street and Fourth avenue, to be thereafter "exclusively held and used for an armory and drill rooms by said regiment." Laws N. Y. 1879, c. 57, § 8, provides "that the seventh regiment new armory, when completed, shall be subject to the provisions of the Military Code relating to armories." Laws N. Y. 1875, c. 223, § 37, provides that the control of armories under the general state law shall be in the commanding officer of the regiment for which it is provided. Plaintiff appeals from a judgment dismissing its complaint on demurrer.

**DISPOSITION:** Judgment affirmed, with costs.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff veterans group sought review of the decision of the special term, New York county (New York), which dismissed the veterans group's complaint on defendant officers' demurrer. The veterans group had sought to enjoin the officers from interfering with their use of a room in the officers' regiment armory.

**OVERVIEW:** The state had leased certain land to the officers to be exclusively held and used for an armory and drill rooms by the officers' national guard regiment. The officers had solicited assistance in construction of the armory from the veterans group. The veterans group claimed that officers agreed to sublet to the veterans group a room in the new armory for the veterans group's exclusive use. On appeal, the court affirmed. The court found that it was not within the power of the officers to authorize the use of the armory for any purposes other than those pertaining to the regiment itself, which were authorized by the legislature. The court reasoned that the armory was a public armory, and as such a public building, and was to be used only for public purposes, and that, however laudable the uses and purposes are for which the veterans group was created, they were not public purposes, nor was the veterans group in any legal sense a member of or adjunct to the regiment. As such, the officers were not authorized to divert the use of the building in any way from the public use to which it was devoted by the various acts of the legislature under which it was erected.

**OUTCOME:** The court affirmed in favor of the officers in the action by the veterans group to enjoin the officers from interfering with their use of a room in the officers' armory.

**HEADNOTES**

Militia -- Use of Armory.

Laws N. Y. 1874, c. 234, § 1, authorizes the field officers of the seventh regiment to accept a lease and take a site for an armory at Sixty-Seventh street and Fourth avenue, New York, to be thereafter exclusively held and used for an armory and drill rooms by said regiment. Laws N. Y. 1879, c. 57, § 8, provides "that the seventh regiment new armory, when completed, shall be subject to the provisions of the Military Code relating to armories." Laws N. Y. 1875, c. 223, § 37, provides that the control of armories under the general state law shall be in the commanding officer of the regiment for which it is provided. Plaintiff, "Veterans of the Seventh Regiment," an association composed of persons who, by service in the seventh regiment, were entitled to exemption from military service under the laws of New York, contributed largely to the expense of erecting the armory for the seventh regiment, and, in consideration thereof, defendant, "Field Officers of the Seventh

EX. T

Case 1:07-cv-06851-BSJ-DCF   Document 11-30   Filed 10/04/2007   Page 2 of 5

14 N.Y.S. 811, *; 1891 N.Y. Misc. LEXIS 2513, **

Page 2

Regiment," agreed with plaintiff to lease to it a room therein, known as the "Veterans' Room," for its own exclusive purposes of reunion and resort. Plaintiff alleges that defendant has taken exclusive use and control of said room, and prays judgment that it be debarred from all claim thereto adverse to that of plaintiff. *Held*, that the armory was a public building, to be used for public purposes only, and that the agreement of defendant authorizing the use of any part of it for any purpose other than those of the regiment itself was *ultra vires*, and void. Affirming 5 N. Y. Supp. 391.

**COUNSEL:** Glover, Sweezy & Glover, (Asa Bird Gardiner and Richard L. Sweezy, of counsel,) for appellant.

Redfield [**2] & Lydecker and Coudert Bros., (Frederic R. Coudert and Charles E. Lydecker, of counsel,) for respondents.

Counsel for appellant cited the following cases and authorities: Welland Canal Co. v. Hathaway, 8 Wend. 483; Corning v. Gould, 16 Wend. 531; Titus v. Morse, 40 Me. 348; 3 Washb. Real Prop. (4th Ed.) p. 74; Jackson v. Topping, 1 Wend. 388; Taylor, Landl. & Ten. § 489. De Groff v. Thread Co., 21 N. Y. 124; Arms Co. v. Barlow, 63 N. Y. 70; Bissell v. Railroad Co., 22 N Y. 258; Railway Co. v. McCarthy, 96 U.S. 267; Union Water Co. v. Murphy's Flat Fluming Co., 22 Cal. 621; Morris, etc., R. Co. v. Sussex R. Co., 20 N. J. Eq. 542; San Antonio v. Mehaffy, 96 U.S. 312; Hitchcock v. Galveston, Id. 351; State Board of Agriculture v. Citizens' Street Ry. Co., 47 Ind. 407; Gold Mining Co. v. National Bank, 96 U.S. 640; Bank v. Mattews, 98 U.S. 621; Railroad Co. v. Proctor, 29 Vt. 93; Whitney v. Wyman, 101 U.S. 396; Ang. & A. Corp. §§ 631, 635, and note; Daniels v. Tearney, 102 U.S. 420; Bank v. North, 4 Johns. Ch. 370; Gordon v. Preston, 1 Watts, 385; Jones v. Guaranty, etc., Co., 101 U.S. 628; In re Cork & Y. Ry. Co., L. R. 4 Ch. App. 748; Marshall v. Vicksburg, 15 Wall. 146; Lewis [**3] v. Lyons, 13 Ill. 117; Sturges v. Knapp, 31 Vt. 63; Vermont & C. R. Co. v. Vermont Cent. R. Co., 34 Vt. 2; Town of Bennington v. Park, 50 Vt. 178; Whitney v. Bank, Id. 388; Gas Co. v. Berry, (1884,) 113 U.S. 327, 5 Sup. Ct. Rep. 525; Indianapolis Rolling-Mill v. St. Louis, etc., R. Co., (1886,) 120 U.S. 256, 259, 7 Sup. Ct. Rep. 542; Brown v. Burkenmeyer, 33 Amer. Dec. 541; Johnson v. City of Rochester, 13 Hun, 285; White v. Flannigain, 1 Md. 525; Meyer v. Phillips, 97 N. Y. 490, and cases cited; Fox v. Fitzsimons, 29 Hun, 578; Mulry v. Norton, 100 N. Y. 438, 3 N. E. Rep. 581; Poughkeepsie Gas Co. v. Citizens' Gas Co., 89 N. Y. 497; Hil. Inj. c. 10, § 1; Watson v. Sutherland, 5 Wall. 74; Livingston v. Livingston, 6 Johns. Ch. 497; Lacustrine Fertilizer Co. v. Lake Guano & F. Co., 82 N. Y. 476; Hart v. Mayor, etc., of Albany, 3 Paige, 213.

**JUDGES:** Argued before Daniels and Lawrence, JJ.

**OPINION BY:** Lawrence

**OPINION**

[*812] Lawrence, J. The complaint alleges that the plaintiff herein is an organization which was formed in the city of New York on April 25, 1859, by the name of "Veterans of the National Guard, Seventh Regiment, First Division, New York State Militia," exclusively from those persons [**4] of full age who had faithfully served in said regiment, by whatsoever designation known, the full [*813] period required by law in order to entitle them to exemption from ordinary military duty; that such organization was thus formed, and is constituted for laudable objects, and for and in furtherance of the public purposes of said regiment, and has continued to be and is now composed exclusively of persons of full age who have served in said regiment, and who have become or are entitled to exemption from ordinary military duty under the laws of the state of New York, by reason either of a full period of faithful service in said regiment, or service therein and in the military service of the United States during the war of the Rebellion. It is further averred that by chapter 41 of the Laws of 1861 the plaintiff was incorporated under the title of "Veterans of the National Guard, Seventh Regiment, First Division, New York State Militia;" and that by chapter 314 of the Laws of 1878 the corporate name of the plaintiff was changed, for reasons stated in the complaint, to "Veterans of the Seventh Regiment." It is further alleged that the Board of Officers of the Seventh Regiment, National [**5] Guard of the State of New York, is an association of said regiment for the management of their internal affairs, composed exclusively prior to and since the year 1872, and now, of the field, staff, and company officers of said regiment; and that said association, on or January 1, 1879, was constituted such an association under section 89 of chapter 275 of the Laws of 1878. It is further averred that the Field Officers of said Seventh Regiment, N. G. S. N. Y., aforesaid, were constituted a body corporate by special act of the legislature of the state of New York, passed April 22, 1874, (chapter 234,) for the purpose of becoming lessees of the plot of ground in the city of New York, bounded by and situated between Sixty-Sixth and Sixty-Seventh streets and Fourth and Lexington avenues, and that on September 23, 1874, the mayor, aldermen, and commonalty of the city of New York executed and delivered to the field officers a lease of said plot of ground for the period of 21 years, the said lessees covenanting and agreeing to and with said lessors to erect or cause to be erected upon the said demised premises, within a reasonable time, suitable buildings for the purposes of an armory and [**6] drill rooms for the seventh regiment, and to keep, maintain, and use the same for said purposes, or for the public

Case 1:07-cv-06851-BSJ-DCF   Document 11-30   Filed 10/04/2007   Page 3 of 5

Page 3
14 N.Y.S. 811, *; 1891 N.Y. Misc. LEXIS 2513, **

purposes of said regiment. There is a further allegation that in February, 1872, one of the field officers of the seventh regiment presented to the plaintiff the subject of a site for a new armory for said regiment, and requested the co-operation of the plaintiff in the furtherance of that object, which request was duly acceded to by the plaintiff, and that in the year 1874 the plaintiff was specially requested in writing by the said lessees, and by the said board of officers, and by the defendant Emmons Clark, to co-operate in erecting a new armory on the above-described premises; that the plaintiff without delay acceded to the request, and did and performed whatever was desired in that behalf on the part of the plaintiff, but that, in consequence of the financial depression existing at that time in the community, active measures were deferred until January, 1876, when said lessees and said board of officers, together with said Emmons Clark, who was then the colonel of the regiment, requested in writing the approval of the plaintiff to the plans therewith submitted for [**7] erecting said armory and drill rooms, and for securing the necessary funds wherewith to erect and furnish the same, and also requested the assistance and active co-operation of the plaintiff in the business of erecting said armory and drill rooms on said site, and in securing the funds necessary for such purpose, and as an express consideration for said active assistance and mutual and necessary co-operation of this plaintiff in said joint adventure, and in furtherance of the public purposes of the said seventh regiment, the said lessees and said board of officers of said regiment, with the consent and approval of said Emmons Clark, thereupon covenanted, contracted, and agreed to and with this plaintiff to sublet, assign, and grant to this plaintiff the large room then and now known and described as the "Veterans' Room," on the north-west corner of the first floor [*814] of the Administration Building on Lexington avenue, of the new armory, on the land hereinbefore mentioned, and possession thereof as soon as the same should be erected by said joint adventure, with the exclusive use and control thereof by this plaintiff for and during the full term of the said lease by the mayor, [**8] aldermen, and commonalty of the city of New York to the said Field Officers of the Seventh Regiment. It is further averred that the plaintiff, for and in consideration of said agreement, assignment, and grant of sublease, entered vigorously and successfully, in conjunction with the said lessees and others, upon the prosecution to completion of the said joint adventure, and contributed large sums of money, to-wit, upwards of $ 27,000, for this public purpose, and in furtherance thereof, besides otherwise assisting and aiding in raising upwards of $ 250,000 in furtherance thereof. Plaintiff then goes on to aver that by a special act, being chapter 57 of the Laws of 1879, the legislature authorized an extension of said lease for and during the period that said seventh regiment should exist and act as a military organization, and desired to occupy said armory for its lawful purposes; that in accordance with said act the mayor, aldermen, and commonalty of the city of New York, by a supplemental indenture dated April 23, 1879, extended said first above mentioned lease for the period in said last act mentioned at an annual rental of one dollar.

The provisions of the act of March 1, 1879, [**9] in reference to the issuing of bonds by the trustees named in said act, and the proceedings of said board of trustees and the field officers thereunder, are also set forth in the complaint, including the assignment of the lease from the city by the field officers to the board of trustees by said act created. It is then alleged that subsequently and in 1879, after the new armory and buildings had been erected, the said assignment, grant, and sublease of said veterans' room by the field officers was again confirmed in writing, guaranteed to this plaintiff by said lessees and board of officers, and appropriations were specifically made towards furnishing said room from funds raised by, and which were then belonging to, the aforesaid joint adventure and to this plaintiff as participant, which appropriations were duly approved by said officers and others. The plaintiff also avers that it was put into possession of said veterans' room, and has expended large sums of money, to-wit, upwards of $ 25,000, in repairing, furnishing, and maintaining the same, and has paid considerable further sums to the treasurer as its just *pro rata* share of expenses for attending to the care of said armory, [**10] and for heating and lighting the same, and as compensation in full for the cleaning and care of said veterans' room. There is an allegation, also, that the plaintiff has complied with, and is ready to comply with, all reasonable rules and regulations governing access to said room, and generally with the laws of the state relating to armories, so far as the same may be applicable to the said seventh regiment buildings. It is further averred that the above named defendants, after upwards of seven years' acquiescence in and ratification of said agreement, assignment, and grant of sublease of said veterans' room to the plaintiff, and continuous and exclusive occupancy thereof by the plaintiff, illegally and unjustly claim an estate in the same for the full period of said leases from the mayor, alderman, and commonalty of the city of New York adverse to this plaintiff, and have molested and attempted to interfere with the exclusive, peaceable enjoyment and possession of said room by the plaintiff, to its great injury, which injury cannot be measured or compensated for in damages. This policy of molestation and interference with the plaintiff is alleged to be connived at and agreed to by [**11] certain of the defendants in the complaint named, and it is averred that, unless prevented by this court, the defendants intend to deprive, and will, if possible, deprive, the plaintiff of its veterans' room. That one of the purposes for which the legislature of this state incorporated the plaintiff organization was to enable it to preserve and continue recollections of service in said

Case 1:07-cv-06851-BSJ-DCF   Document 11-30   Filed 10/04/2007   Page 4 of 5

Page 4
14 N.Y.S. 811, *; 1891 N.Y. Misc. LEXIS 2513, **

regiment, and that in consequence one of the [*815] valuable privileges of membership is also, and has been since the project to construct the said armory building, to participate in the enjoyment of a place of meeting and resort of quarters contiguous to the drill, company, and officers' rooms of said seventh regiment, and that entrance fees and dues of membership were fixed with this view, and that upon the faith of said agreement, assignment, and sublease, several hundred of plaintiff's members have qualified as life members by the payment of the amount necessary for that purpose. Wherefore judgment is demanded that the defendants be forever debarred from all claim to any estate in said leases adverse to this plaintiff in the said veterans' room, and be forever restrained and enjoined from molesting [**12] or in any way interfering with the quiet possession, enjoyment, and exclusive use and occupation thereof by the plaintiff.

We have stated the allegations of the complaint so much in detail in order that the precise demand which the plaintiff makes, and the exact right which it claims, may be distinctly understood. Briefly stated, the claim of the plaintiff is that, by reason of the alleged agreement between it and the field officers and the board of officers of the seventh regiment, and of the action which it is alleged has been taken thereunder, the plaintiff has become entitled to the exclusive use and occupancy of the veterans' room. In order to ascertain whether such claim is well founded, it is necessary to keep in view the objects and purposes sought to be obtained by the several enactments in regard to the erection of a new armory of the seventh regiment, and also the objects and purposes for which the plaintiff was incorporated.

The objects and purposes for which the plaintiff was incorporated are stated in the second section of chapter 41 of the Laws of 1861 to be to afford pecuniary relief to indigent or reduced members and their widows and children; to promote social union [**13] and fellowship; to preserve and continue recollections of service in the National Guard. These are objects that are extremely laudable in themselves. But it is to be observed in passing that it is not necessary for the enjoyment of any of them that the veterans of the seventh regiment should occupy a room or quarters in the armory of seventh regiment. Pecuniary relief to indigent or reduced members and their widows and children, the promotion of social union and fellowship, and the preservation and continuance of recollections of service in the National Guard, could be as well promoted in other quarters as in the armory; and, inasmuch as nothing is stated in that act about the veterans occupying the quarters in the seventh regiment armory, that act, in and of itself, does not sustain the contention of the plaintiff in this action. On the other hand, when we turn to chapter 234 of the Laws of 1874, p. 285, to ascertain the object of the legislature in providing a site for the armory of the seventh regiment, we find that section 1 of that act, after authorizing the execution by the commissioners of the sinking fund of a lease to the field officers of said regiment of the plot of ground [**14] bounded or situated between Sixty-Sixth and Sixty-Seventh streets and Fourth and Lexington avenues, in the city of New York, the same being a part of the land or premises belonging to the city of New York, provides that the field officers "are hereby authorized and empowered to accept said lease and take such site with the same effect as if a body corporate, to be thereafter "exclusively held and used for an armory and drill rooms by said regiment." The veterans of the seventh regiment are not at present members of said regiment, and the delegation of the power to the field officers of said regiment to "exclusively hold and use the property leased for an armory and drill rooms" by said regiment would ordinarily and naturally exclude the idea of a joint adventure with other parties. The act of 1879, c. 57, entitled "An act to secure the completion of the seventh regiment new armory, in the city of New York," which provides for the issuing of bonds for the raising of money to complete and furnish said armory, and for the conveyance and assignment of the lease to trustees to secure said bond, does not allude [*816] directly or indirectly to the veterans of the seventh regiment, but [**15] the eighth section of that act provides that "the seventh regiment new armory, when completed and occupied, shall be subject to the provisions of the Military Code relating to armories, and to the rules and regulations prescribed by the proper military authorities for other regiment armories in the city of New York." Section 37 of chapter 223 of the Laws of 1875 places the control of armories under the general state law in the commanding officer of the regiment or battalion, etc., for which it has been provided. Certainly, assigning a room to the veterans of the seventh regiment, who are not members of the regiment, cannot be said to be using or occupying the armory for the regiment for which it has been provided. We find nothing, therefore, in the acts to which we have referred, nor in any of the acts cited by the counsel for the appellant in their brief, which justifies the idea that the new armory of the seventh regiment was to be used for any other purpose than those of the regiment itself.

The question then arises whether, assuming that the field officers and board of officers made and entered into the agreement stated in the complaint, it was within the power of those officers [**16] to do so. Upon a very careful examination of the case, we have concluded that it was not within the power of the board of field officers or the board of officers of the seventh regiment, or of any one connected with the said regiment, to authorize the use of the armory for any purposes other than those pertaining to the regiment itself. Notwithstanding the observations which are made in the brief of the learned

Case 1:07-cv-06851-BSJ-DCF   Document 11-30   Filed 10/04/2007   Page 5 of 5

Page 5
14 N.Y.S. 811, *; 1891 N.Y. Misc. LEXIS 2513, **

counsel for the appellants, we are of the opinion that the seventh regiment armory is a public armory, differing in no way in the purposes for which it was designed from the other armories in the state. We are of the opinion that it is a public building, and is to be used only for public purposes, and that, however laudable the uses and purposes are for which the plaintiff was created, they are not public purposes, nor is the plaintiff in any legal sense a member of or adjunct to the seventh regiment. It is claimed by the plaintiff that the defendants cannot invoke the doctrine of *ultra vires* in this case, and that they are estopped from pleading a want of power to make the alleged sublease to the plaintiff of the room known as the "Veterans' Room." Various cases are cited [**17] in the elaborate brief of the appellant's counsel to support this view; but they will principally be found to relate to the cases of private corporations, and we agree with the presiding justice in the opinion expressed by him, that the alleged action of the board of field officers and the board of officers and others connected with the seventh regiment, referred to in the complaint, is entirely different from that of a private corporation dealing with its own property. The armory in question, as already stated, is a public building, devoted to a public use, and the board of field officers to whom the same was leased under the provisions of the act of 1874, before referred to, hold the same really as trustees for the public, for public purposes, and upon the express condition that the site is to be thereafter exclusively held and used for an armory and drill rooms by said regiment. Green's Brice, Ultra Vires, p. 120. As such trustees, the board of field officers were not authorized to divert the use of the building in any way from the public use to which it was devoted by the various acts of the legislature under which it was erected; yet, if the contention of the plaintiff is sound, [**18] it was within their power to enter into partnership with another and an entirely different and distinct corporation, by which the latter should have the exclusive use of a large and valuable room for purposes entirely separate and distinct from an armory or drill rooms for the regiment as long as the latter continued in possession of the armory. To enforce such an agreement would be to lend the sanction of a court of equity to a breach of trust.

Stress is laid in the complaint and in the brief of the appellant's counsel upon the fact that, by acquiescing in the occupation of the veterans' room by [*817] the appellants, the respondents are estopped from disputing the validity of their alleged contract with the appellants. This is not so. If the agreement is absolutely void, as not within the power of the defendants, no acquiescence can estop them, as public officers and trustees of a public trust, from alleging, when affirmative action is demanded from the court by the appellants, that the agreement, if made, was beyond their powers, and a violation of their duty as trustees.

Nor is there any force in the appellant's contention that the facts necessarily admitted by the demurrer [**19] preclude the respondent from claiming that no cause of action is stated in the complaint. The complaint refers to the acts of the legislature from which the parties to the alleged agreement derive their powers, and those acts show the public character of the armory, and the attitude which the officers alleged to have entered into the agreement occupied towards the public, and define and limit those powers so clearly that the legal rights of the parties cannot be misunderstood. A perusal of those acts in connection with the facts contained in the complaint renders it impossible for the court to say that the complaint alleges any agreement which it was within the power of the respondents to make.

We might elaborate the views which we entertain in regard to this case at still greater length; but, conceiving it to be perfectly clear that the plaintiff has acquired no legal rights under the alleged action of the field officers of the seventh regiment and others, and that, if such rights were attempted to be bestowed by those officers, they acted in violation of their duty, we deem it unnecessary to pursue the subject further. The judgment rendered at the special term was, in our opinion, [**20] in all respects correct; and it must therefore be affirmed, with costs and disbursements to the respondents.