# EXHIBIT 6

PWRW & G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X

JUL 1 9 2001

☑ DOCKETED
☑ IMAGED

THE SEVENTH REGIMENT FUND, ASSOCIATES :
OF THE ENGINEER CORPS AND COMPANY K,
SEVENTH REGIMENT, INC. and THE                : 01 Civ. 0819 (LTS)
VETERANS OF THE SEVENTH REGIMENT,
                                              :
            Plaintiffs,
                                              : AFFIDAVIT OF
        -against-                               KENYON B. FITZGERALD
                                              : PRESIDENT OF THE
GEORGE PATAKI, as Governor of the               SEVENTH REGIMENT FUND
State of New York, MAJ. GEN. JOHN
H. FENIMORE V, individually and as            :
the Adjutant General for the
Division of Military and Naval                :
Affairs, the DIVISION OF MILITARY
AND NAVAL AFFAIRS, CHARLES A. GARGANO,         :
As Chairman, President and Chief
Executive Officer of the NYS Urban            :
Corporation, NYS URBAN DEVELOPMENT
CORPORATION d/b/a EMPIRE STATE                :
DEVELOPMENT CORPORATION, ERNST &
YOUNG LLP and SEVENTH REGIMENT                :
ARMORY CONSERVANCY, INC.,
                                              :
            Defendants.                       :
- - - - - - - - - - - - - - - - - - - - X

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

      Kenyon B. FitzGerald, Jr. being duly sworn, deposes and says:

1. I am the president of The Seventh Regiment Fund ("the Fund"), a plaintiff in the above-referenced action. I have been a member of the Fund since 1992 and an officer of the Fund since 1993. I have been a member of the Engineer Corp., Company K, since 1962. I have been a member of the Veterans since 1966. As such, I am familiar with the facts and circumstances stated herein.

2. I make this affidavit in opposition to the motions of the moving defendants in the above-referenced action.

3. Plaintiff, The Seventh Regiment Fund, is a not-for-profit corporation duly organized on April 3, 1909, under the laws of the State of New York, having maintained its offices at the Seventh Regiment Armory, 643 Park Avenue, New York, New York (the "Armory" or "Seventh Regiment Armory") since the formation of the Fund in 1909.

4. The Fund is composed of present and past members of the lineal descendents of the Seventh Regiment of the New York National Guard, including the present 107th Corps Support Group (all referred to herein as the "Seventh Regiment" or the "Regiment"). The 107th Corps Support Group is recognized by the Department of the Army, with the affirmation of the State of New York, as the lineal descendent of the Seventh Regiment.

5. Attached as Exhibit 1 is the latest version of the Constitution and By-Laws of The Seventh Regiment Fund (the "Constitutions and By-Laws").

6. As set forth in the Constitution and By-Laws, membership is composed of (a) active, (b) associate, (c) honorary and (d) life members. There are only actives as members of the Fund at present.

7. Only active members may serve on the Board of Directors. Officers are elected from the active members serving on the Board of Directors.

8. Plaintiff, Associates of the Engineer Corps and Company K, Seventh Regiment, Inc. (the "Associates"), is a not-for-profit corporation duly organized on February 26, 1942, under the laws of the State of New York, having its offices at 44 East 57th Street, New York, New York. It is composed entirely of veterans of the Engineer Corps or Company K of the Regiment, or the lineal descendent of the unit.

9. Plaintiff, The Veterans of the Seventh Regiment (the "Veterans"), is a not-for-profit corporation duly organized on March 11, 1861 under chapter 41 of the Laws of 1861 of the State of New York, having its offices at the Armory. The

3

Veterans' present membership includes approximately 1,000 former and present active duty members of the successor units of Seventh Regiment.

10. The Fund, the Associates and the Veterans are all incorporated associations of veterans of units of the organized militia within the meaning of N.Y. Military Law § 183(b) and each has a statutory right to the use of the Armory for its activities. See the decision of Richard W. Wallach in The Veterans of the Seventh Regiment and The Seventh Regiment Fund v. Mario Cuomo, et al., Index No. 7098/84, slip op. at 9 (Sup. Ct. N.Y. Co. May 7, 1984), annexed hereto as Exhibit 2.

11. Those activities include without limitation meetings, social events, the care and maintenance of the Fund's collection of personal property, the care and maintenance of the furnishings installed by the Veterans in the Veterans' Room, the Library (or Silver Room) and the Colonel's Reception Room.

12. Since its formation, the Fund, together with the Veterans (who were responsible for the building of the Armory), the Associates and the Board of Officers of the Regiment, have been active in the care and maintenance of the Armory. Indeed, the furnishings in the Veterans Room, the Libarary and the Colonel's Reception Room were provided and maintained by the Veterans. The Associates maintained the Company K room.

Neither the Veterans nor the Associates have relinquished any rights of ownership in the installations in those rooms.

    13. Over many years, the Fund, together with the Veterans and the Associates, with the consent and encouragement of the officer in charge and control of the Armory, have expended both time and money in the hundreds of thousands of dollars, for the care and maintenance of the Armory; for example, to restore the frieze in the Veterans' Room, for painting several of the rooms, for restoring the company rooms (including Company K room), for carpeting, cleaning and even landscaping. Annexed hereto as Exhibit 3 is a representative sample of invoices for work performed at the Armory at the behest of the Fund and the Veterans. These are a small sample of the expenditure of funds by the plaintiffs for the care and maintenance of the Armory.

    14. All of the plaintiffs in this action together have expended hundreds of thousands of dollars to care for and maintain the Armory. They have done so in reliance upon their continued right to have access to the Armory, to have access to the furnishings and decorations which they installed and maintained and to have a continuing say in how those decorations and furnishings are maintained and displayed. It is

respectfully submitted that the plan of the State defendants and the Conservancy infringes on the property interest of the plaintiffs described above.

15. Annexed hereto as Exhibit 4 is a memorandum to the Governor of New York State, dated May 4, 1942, concerning the passage of Chapter 932 of the Laws of 1942, from Nathan R. Sobel, counsel to the Governor.

16. Annxed hereto as Exhibit 5 is copy of a letter, dated March 25, 1991, from Lawrence P. Flynn, Major General, New York Army National Guard, The Adjutant General, to Mr. Roland M. Malan, Assistant Deputy Comptroller, Office of the State Comptroller, Division of Audits and Accounts, Albany, New York.

17. Annexed hereto as Exhibit 6 is a copy of relevant pages from the Request for Proposal issued by the Empire State Development Corporation and the Division of Militiary and Naval Affairs concerning the Armory.

18. Annexed hereto as Exhibit 7 is a copy of a web page posted by Jonathan Rose & Companies LLC.

19. Annexed hereto as Exhibit 8 is a copy of a pamphlet issued by Empire State Development Corporation and the Division of Military and Naval Affairs.

20. I have reviewed Plaintiffs' Counter Rule 56.1 Statement and verify the information admitted in paragraphs 34, 48, 49, 62, 64, 66, 68, 69, 74, 75 and 76.

*Kenyon B. FitzGerald*
Kenyon B. FitzGerald

Sworn to before me this

16th day of July, 2001.

*Josephine M. Carita*
Notary Public

JOSEPHINE M. CARITA
NOTARY PUBLIC, STATE OF NEW YORK
No. 24-01 PA 4648652
Qualified in ?? County
Cert. Filed in New York County
Commission Expires ??

11/30/01

7