UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X

KENYON B. FITZGERALD, JR.,                    :
PETER SCOVILLE WELLS, SIDNEY SILLER,              07 Civ. 6851 (BSJ) (DCF)
and DISABLED AMERICAN VETERANS               :
DEPARTMENT OF NEW YORK INC.,

                                             :

            Plaintiffs,

                                             :

-against-

                                             :

WADE F. B. THOMPSON, ELIHU ROSE,
ARIE L. KOPELMAN, STEPHEN LASH,              :
EDWARD KLEIN, REBECCA ROBERTSON,
KIRSTEN REOCH, CHARLES GARGANO,              :
WILLIAM SHERMAN, CAROL BERENS,
JOHN DOE, MARY ROE and SEVENTH               :
REGIMENT ARMORY CONSERVANCY, INC.,

                                             :

            Defendants.

                                             :

--------------------------------------X

## REPLY MEMORANDUM OF LAW OF STATE DEFENDANTS
## IN SUPPORT OF MOTION TO DISMISS

                    ANDREW M. CUOMO
                    Attorney General of the
                      State of New York
                    **Attorney for State Defendants**
                      **Berens and Sherman**
                    120 Broadway – 24th Floor
                    New York, NY 10271-0332
                    (212) 416-8645
                    FAX (212) 416-6009
                    joel.graber@oag.state.ny.us

LITIGATION BUREAU

JOEL GRABER
Assistant Attorney General
Special Litigation Counsel

November 15, 2007

**TABLE OF CONTENTS**

**Page**

Preliminary Statement ..................................   1

POINT I     PLAINTIFFS' OPPOSITION TO THE MOTION FAILS
            TO ESTABLISH A LEGALLY-PROTECTED INTEREST
            IN THE ARMORY SUFFICIENT TO CONFER STANDING ..   2

POINT II    PLAINTIFFS' OPPOSITION FAILS TO DEMONSTRATE
            A PLAUSIBLE CLAIM FOR VIOLATION OF
            SUBSTANTIVE DUE PROCESS ......................   5

POINT III   PLAINTIFFS' OPPOSITION FAILS TO DEMONSTRATE
            A PLAUSIBLE CLAIM UNDER THE PUBLIC USE
            CLAUSE .......................................   8

POINT IV    PLAINTIFFS' OPPOSITION FAILS TO DEMONSTRATE
            A PLAUSIBLE CLAIM UNDER THE CONTRACT CLAUSE ..   9

POINT V     PLAINTIFFS HAVE ABANDONED THE COMPLAINT'S
            FOURTH CLAIM ALLEGING A VIOLATION
            OF THE N.Y. UDC ACT ..........................  10

POINT VI    PLAINTIFFS' OPPOSITION FAILS TO DEMONSTRATE
            A PLAUSIBLE CLAIM FOR TORTIOUS INTERFERENCE
            WITH CONTRACT ................................  12

POINT VII   PLAINTIFFS' OPPOSITION FAILS TO DEMONSTRATE
            A PLAUSIBLE CLAIM FOR CONSTRUCTIVE TRUST
            AND AN ACCOUNTING ............................  14

POINT VIII  THE COMPLAINT DOES NOT ALLEGE CLAIMS
            FOR VIOLATIONS OF EQUAL PROTECTION OR
            THE PRIVILEGES AND IMMUNITIES CLAUSE,
            AND SUCH CLAIMS CANNOT BE ADDED NOW
            BY MEANS OF PLAINTIFFS' OPPOSING MEMORANDUM ..  16

Conclusion ...............................................  19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X

KENYON B. FITZGERALD, JR.                    :
PETER SCOVILLE WELLS, SIDNEY SILLER,             07 Civ. 6851 (BSJ) (DCF)
and DISABLED AMERICAN VETERANS               :
DEPARTMENT OF NEW YORK INC.,
                                             :
              Plaintiffs,
                                             :
-against-
                                             :
WADE F. B. THOMPSON, ELIHU ROSE,
ARIE L. KOPELMAN, STEPHEN LASH,              :
EDWARD KLEIN, REBECCA ROBERTSON,
KIRSTEN REOCH, CHARLES GARGANO,              :
WILLIAM SHERMAN, CAROL BERENS,
JOHN DOE, MARY ROSE and SEVENTH              :
REGIMENT ARMORY CONSERVANCY, INC.,
                                             :
              Defendants.
                                             :

--------------------------------------X

## REPLY MEMORANDUM OF LAW OF STATE DEFENDANTS
## IN SUPPORT OF MOTION TO DISMISS

### Preliminary Statement

This memorandum of law is respectfully submitted by ANDREW

M. CUOMO, Attorney General of the State of New York, attorney for

defendants Carol Berens and William Sherman ("State defendants"),

further in support of State defendants' motion for an order and

judgment, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal

Rules of Civil Procedure, dismissing the complaint in this action

on the grounds that plaintiffs lack standing to maintain this

action, that this Court therefore lacks federal subject matter

jurisdiction over this action, and that the complaint fails to

state a claim upon which relief can be granted, and in reply to

plaintiffs' memorandum of law in opposition to the motion dated
October 22, 2007 ("Pl. Mem.").[1]

## POINT I

### PLAINTIFFS' OPPOSITION TO THE MOTION FAILS TO ESTABLISH A LEGALLY-PROTECTED INTEREST IN THE ARMORY SUFFICIENT TO CONFER STANDING

Plaintiffs' references to Virgil and Homer (Pl. Mem. at 37-
38), and to George Washington (id. at 35-36) and George
Washington Plunkett (id. at 43-44), do not afford much assistance
to a district court asked to find Article III jurisdiction to
invalidate an act of the State Legislature.  Plaintiffs' useless
literary references do nothing to mitigate the fact that they
have failed to allege a legally-protected interest in the Armory
sufficient to confer standing:

•  First, the historical society with which plaintiffs
Fitzgerald and Wells are associated (Complaint ¶ ¶ 3-4) is not,
as plaintiffs claim, a "successor organization" of the Seventh
Regiment (Pl. Mem. at 7), entitling plaintiffs to challenge
Chapter 482 "on behalf" of the Regiment.  There is, as a matter

[1]State defendants' opening memorandum of law, dated October
4, 2007 ("State Def. Mem."), also sought dismissal of Sherman
because he had not been served.  State Def. Mem. at 78-79.  Since
then, plaintiffs have filed an affidavit of service asserting
service on Sherman in the State of Georgia, where he now lives
and works.  The present motion is therefore made on behalf of
Sherman as well as Berens.  There is not, however, any claim that
defendant Charles Gargano has been served, and the Attorney
General's Office has not received a request for representation
from Gargano as required by N.Y. Public Officers Law § 17(4)(i).

of law, only one successor to the Regiment, namely, the 107ᵗʰ
Corps Support Group, which is now part of Headquarters 53d Army
Liaison Detachment, pursuant to the regimental Lineage and Honors
determined by United States Army, and the order, dated April 24,
2007, of the National Guard Bureau of the Departments of the Army
and the Air Force, United States Department of Defense.[2]

    • Second, plaintiffs do not enjoy "statutory rights of
access and use" with respect to the Armory (Pl. Mem. at 8)
unfettered by the specific terms of N.Y. Military Law § 180-

─────────────

[2]A copy of the Lineage and Honors is Ex. E to the
declaration of Assistant Attorney General Joel Graber, dated
October 4, 2007 ("Graber decl."), and a copy of the National
Guard Bureau order is Graber decl. Ex. F.

    Such public records are subject to consideration on this
motion to dismiss, as are all of the materials relied on by State
defendants, including legislative history, the thirteen exhibits
attached to the complaint, and other public documents that the
complaint incorporates by reference. See, e.g., Papasan v.
Allain, 478 U.S. 265, 269 (1986) ("although this case comes to us
on a motion to dismiss under Federal Rule of Civil Procedure
12(b), we are not precluded in our review of the complaint from
taking notice of items in the public record"); Territory of
Alaska v. American Can Co., 358 U.S. 224, 226 (1959) (court may
take judicial notice of legislative history on a motion to
dismiss); Gottesman v. United States, 2007 U.S. Dist. LEXIS
15043, *10-11 (S.D.N.Y. Jan. 12, 2007) (Hon. Barbara S. Jones)
("complaint is deemed to include . . . any statements or
documents incorporated in it by reference") (quoting Cortec
Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir.
1991)). Plaintiffs do not question any of the documents
proffered on this motion, and offer no justification for their
tepid suggestion that the motion be treated as one for summary
judgment and disposed of as provided in Rule 56. See Pl. Mem. at
4-5.

-3-

a(3)(c)(i) (added by Chapter 482), which provides, as did the statute it replaced (N.Y. Military Law § 183(1)(b)), that *upon application* veterans organizations are to be provided "a proper and convenient room or rooms or other appropriate space" for meetings and social events in the Armory. Dispositively, there is no allegation in the complaint, or in plaintiffs' opposition, that access has been requested and denied.

• Third, plaintiffs continue to confuse themselves with the regimental lessees under the 1874 and 1879 leases, by referring to "*plaintiffs*' City lease [and] ownership rights" (Pl. Mem. at 11, quoting Complaint ¶ 69(a)) (emphasis added), even though the law has been settled since 1891 that veterans have no legally-protected interest in the Armory. Veterans of the Seventh Regiment v. Field Officers of the Seventh Regiment, 60 Hun. 578, 14 N.Y.S. 811 (1st Dep't 1891).

Therefore, plaintiffs' opposing memorandum does not improve upon the complaint in attempting to explain plaintiffs' alleged legally-protected interest in the Armory. As demonstrated in State Def. Mem. POINT I, plaintiffs lack standing to maintain this action, and this Court therefore lacks subject matter jurisdiction over this action.

-4-

### POINT II

### **PLAINTIFFS' OPPOSITION FAILS TO DEMONSTRATE A PLAUSIBLE CLAIM FOR VIOLATION OF SUBSTANTIVE DUE PROCESS**

Plaintiffs argue that their substantive due process claim is entitled to survive because (1) Chapter 482 allegedly violates the 1874 and 1879 leases by reason of the Legislature's view of regimental "public purposes" with respect to the Armory set forth in § 1 of Chapter 482 (Pl. Mem. at 14); (2) "much of the cost of the Armory's construction . . . was paid out of private funds by members and veterans of the Seventh Regiment" (id. at 15); and (3) Chapter 482 was a "retroactive legislative fiat" (id. at 15-16). These assertions are baseless as a matter of law.

In the first place, plaintiffs fail to grasp that the Legislature has the power to recast the terms of a lease of its own creation with respect to the use of public property, and that to the extent that it did so here such action was taken with the enthusiastic consent of the City as the other party to the lease. Graber decl. Ex. J. As is explicit in the 1800s session laws, it was, after all, the Legislature that instructed the City to enter into the lease.

Plaintiffs' opposition simply ignores the principle that "the power of the State . . . over the rights and property of cities held and used for 'governmental purposes' cannot be questioned." Trenton v. New Jersey, 262 U.S. 182, 188 (1923). A

-5-

"city cannot possess a contract with the State which may not be changed or regulated by state legislation." Id. (citing Town of E. Hartford v. Hartford Bridge Co., 51 U.S. 511 (1851)).

Indeed, even if Chapter 482 had constituted a *taking* vis a vis the City, such a taking would not be actionable on the part of the City, so it could hardly be actionable on the part of plaintiffs as strangers to the transaction. In the State of New York, "the legislature has absolute control [and] may take" municipal property "without compensation." People ex rel. Palmer v. Travis, 223 N.Y. 150, 166 (1918); Little Falls v. State, 266 A.D. 87, 90 (4th Dep't 1943) ("the property of a municipality, which is being devoted to a public use, may be appropriated by the State without compensation to the municipality"), aff'd, 291 N.Y. 755 (1943). The foregoing case law certainly disposes of plaintiffs' "retroactivity" theory.

Further, plaintiffs assert that by means of Chapter 482 the Legislature "wrested" the Armory away from "trustees" whom plaintiffs continue to believe enjoyed a legal status independent of the State. Pl. Mem. at 15. Plaintiffs cannot, however, avoid the New York Court of Appeals opinion holding that the Armory trustees were an "agency or instrumentality of the State." Tobin v. La Guardia, 290 N.Y. 119, 125 (1943). See also State v. Seventh Regiment Fund, Inc., 262 A.D.2d 205, 206 (1st Dep't 1999) (holding with respect to the regimental art and artifacts that

-6-

"even if the 107th Infantry [the Regiment] did organize itself
into an unincorporated association . . . , it remains part of the
New York State Militia, and, as such, is a branch of the State
that is required to hold the subject property in trust for the
State").

Similarly, with respect to the circumstance that some
veterans groups (with which plaintiffs claim no affiliation)
contributed to building and decorating some of the Armory's
landmarked rooms, New York law is clear that no legally-protected
interest was thereby created. Veterans of the Seventh Regiment
v. Field Officers of the Seventh Regiment, 14 N.Y.S. at 817
("perfectly clear that the plaintiff [Veterans] has acquired no
legal rights" with respect to the Armory).

As to public purposes, Supreme Court, New York County,
analyzing the public purposes set forth in § 1 of Chapter 482,
held:

> The legislation [Chapter 482] will save an
> irreplaceable State landmark for future
> generations. It will sustain the women's
> shelter within its walls. And it will
> maintain the entire facilities of the Armory
> for military use in times of need, as it has
> in the past. All of these uses will, as set
> forth in the statement of legislative intent,
> inure to the health, safety, welfare and
> education of the State of New York.

Dalva v. Pataki, Sup. Ct. N.Y. Co. (Index No. 116965/05), Slip
op. dated November 29, 2006 (Hon. Marilyn Shafer), at 17. Graber
decl. Ex. W. Based on these findings, Supreme Court held that

-7-

"there is no question that the Armory project is in the public interest, and that the State has a substantial interest in its completion."  Id.

By reason of the foregoing, and for the reasons stated in State defendants' main memorandum, the complaint fails to state a plausible claim for violation of substantive due process.

### POINT III

### PLAINTIFFS' OPPOSITION FAILS TO DEMONSTRATE A PLAUSIBLE CLAIM UNDER THE PUBLIC USE CLAUSE

State defendants' opening memorandum demonstrated that the Public Use Clause is concerned with the "taking of *private* property."  Rosenthal & Rosenthal, Inc. v. N.Y. State Urban Dev. Corp., 771 F.2d 44, 46 (2d Cir. 1985) (concerning the Forty-Second Street Redevelopment Project) (emphasis added), cert. denied, 475 U.S. 1018 (1986).  See State Def. Mem. POINT III.

Plaintiffs respond by asserting, as discussed *infra*, that the Armory is indeed "*private* property" (Pl. Mem. at 16) (emphasis added), "owned by the Regiment."  Id. at 17, quoting Tobin v. La Guardia, 276 N.Y. 34, 43 (1937).[3]

This proposition cannot salvage plaintiffs' Public Use Clause claim because plaintiffs are not the Regiment – the Regiment is 107th Corps Support Group/Headquarters 53d Army

---

[3]As demonstrated *infra*, "ownership" on the part of the Regiment means public ownership, since the trustees/field officers have been at all times an "agency or instrumentality of the State."  Tobin v. La Guardia, 290 N.Y. at 125.

-8-

Liaison Detachment, with which they allege no legal relationship
real or imagined. Beyond that, as noted *infra*, the Regiment (and
its successors), and the regimental officers as a body, have no
legally-cognizable existence with respect to the Armory separate
and apart from the State.

Kelo v. New London, 545 U.S. 469 (2005), upon which
plaintiffs rely (Pl. Mem. at 17-22), can have no application to
the present action because that case examined the question of
taking private property from one private party and transferring
the private property to another private party for an ostensible
public benefit. Id., 545 U.S. at 477. Plaintiffs therefore
argue that Chapter 482 "was intended and crafted to transfer
*private* property from 'A' to 'B' in direct violation of the
Supreme Court majority's language in Kelo." Pl. Mem. at 25
(emphasis added).

Because here neither the land, nor the lease, nor the
building is private property, there can be no plausible claim
under the Public Use Clause.

## POINT IV

### PLAINTIFFS' OPPOSITION FAILS TO DEMONSTRATE A
### PLAUSIBLE CLAIM UNDER THE CONTRACT CLAUSE

State defendants' opening memorandum showed that the
Contract Clause does not apply to contracts between states and
their municipalities. State Def. Mem. POINT IV.

-9-

Plaintiffs do not attempt to distinguish the Supreme Court authority cited by State defendants, but again reprise the theme that the 1874 and 1879 leases were "*not* between the City and the State. The contract was between the City and the field officers of the Seventh Regiment." Pl. Mem. at 28 (emphasis original).

For the reasons stated *infra*, and in State defendants' main memorandum, this predicate is untenable as a matter of law because Army National Guard officers are not free agents but public officers under the command and control of their superior military officers and ultimately the State. See the oath of office of Army National Guard officers set forth at POINT VII *supra*.

The complaint therefore fails as a matter of law to state a claim under the Contract Clause.

### POINT V

#### PLAINTIFFS HAVE ABANDONED THE COMPLAINT'S FOURTH CLAIM ALLEGING A VIOLATION OF THE N.Y. UDC ACT

The fourth claim in the complaint alleges a "failure to comply with the [N.Y.] UDC Act" (Complaint ¶ ¶ 82-91), which Act is part of New York's unconsolidated laws and set forth at N.Y. Laws of 1968, ch. 174.

State defendants' opening memorandum demonstrated that this is a N.Y. CPLR Art. 78 claim that does not lie and is barred by

-10-

the four-month statute of limitations prescribed by N.Y. CPLR §
217(1). State Def. Mem. POINT V.

Plaintiffs have chosen not to defend their fourth claim, and
make only passing reference to it in their opposing memorandum in
which they no more than quote the allegations of Complaint ¶ ¶
87-88. See Pl. Mem. at 28. This does not suffice to respond to
State Def. Mem. POINTS V, VI and VII, showing that this Article
78 claim does not lie, that it is barred by the statute of
limitations, and that State defendants cannot be otherwise held
liable.

In this Circuit, claims not addressed on a motion to dismiss
"are deemed abandoned." Martinez v. Sanders, 2004 U.S. Dist.
LEXIS 10060, 8-9 (S.D.N.Y. Jun. 3, 2004) (Hon. Richard Conway
Casey), citing Dineen v. Stramka, 228 F.Supp.2d 447, 454
(S.D.N.Y. 2002) (finding that plaintiff's failure to address
claims in opposition papers "enables the Court to conclude that
[plaintiff] has abandoned them"); Anti-Monopoly, Inc. v. Hasbro,
Inc., 958 F.Supp. 895, 907 n.11 (S.D.N.Y. 1997) (holding that
plaintiff's failure to provide any argument opposing defendant's
motion "provides an independent basis for dismissal" and
"constitutes abandonment of the issue"). See also Lederman v.
Giuliani, 2007 U.S. Dist. LEXIS 41490 (S.D.N.Y. Jun. 5, 2007)
(Hon. Lawrence M. McKenna) ("claims undefended" must be deemed
abandoned).

-11-

Since plaintiffs do not oppose State defendants' motion to dismiss the complaint's fourth claim alleging a violation of the N.Y. UDC Act, and the complaint contains no reference to State defendants Berens and Sherman other than with respect to the fourth claim,[4] the fourth claim must be dismissed, and Berens and Sherman must be dismissed in both their official and individual capacities.[5]

## POINT VI

### PLAINTIFFS' OPPOSITION FAILS TO DEMONSTRATE A PLAUSIBLE CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT

Plaintiffs see themselves as intended direct beneficiaries of the 1874 and 1879 leases between the State and the City and therefore entitled to maintain a state law tortious interference claim.  Pl. Mem. at 29-37.  This contention is baseless as a matter of fact and law.

Plaintiffs' argument is that plaintiffs are the "direct organizational descendants of the party [to the lease] and beneficiary," namely, the "Regiment," and that "these plaintiffs"

---

[4]Remarkably, plaintiffs' opposing memorandum contains no references at all to State defendants Berens or Sherman, neither by name nor by office held, even though State defendants' opening memorandum devoted four points to Berens and Sherman.  See State Def. Mem. POINTS V, VI, VII and XI.

[5]Plaintiffs also ignore State defendants' showing that they would be entitled to qualified immunity on any § 1983 claim meant to have been asserted against them.  See State Def. Mem. POINT XI.  For the reasons stated *infra*, any federal claims must also be deemed abandoned as against State defendants.

were therefore "*express beneficiaries*."  Pl. Mem. at 31 (emphasis original).  There is no support for this proposition in the 1874 and 1879 leases, in the N.Y. Military Law, or in case law:

●       The 1800s session laws and the leases make no mention of veterans or veterans organizations.

●       The organizational plaintiff, Disabled American Veterans, Inc., and plaintiffs' historical society, did not exist at the time of the 1800s session laws and leases.

●       When a veterans organization that did probably contribute to building and furnishing the Armory, to wit, Veterans of the Seventh Regiment, asserted a right to access to the facility, the Appellate Division squarely held that veterans enjoyed no such right.  Veterans of the Seventh Regiment v. Field Officers of the Seventh Regiment, id.

●       The only "descendant" of the Seventh Regiment of the 1800s is not any aggregation of veterans or veterans organizations, but 107th Corps Support Group/Headquarters 53d Army Liaison Detachment, as determined by the United States Army as a matter of law.

In addition to the foregoing, as a matter of law there is no sense in which the Legislature could have by means of Chapter 482 "breached" a contract of its own devising, as set forth in POINT IV *infra* and in State Def. Mem. POINT IV.  Put another way, the Legislature cannot have *interfered with itself* – no "third party"

-13-

breached an executory contract, which the New York Court of
Appeals requires for a tortious interference claim.  <u>Lama Holding
Co. v. Smith Barney Inc.</u>, 88 N.Y.2d 413, 424 (1996);  <u>Burns
Jackson Miller Summit & Spitzer v. Lindner</u>, 59 N.Y.2d 314, 336
(1983).

    The complaint therefore fails to state a claim for tortious
interference with contact.

### POINT VII

#### PLAINTIFFS' OPPOSITION FAILS TO DEMONSTRATE A PLAUSIBLE CLAIM FOR CONSTRUCTIVE TRUST AND AN ACCOUNTING

    Plaintiffs' sixth claim is for the imposition of a
constructive trust and an accounting (Complaint ¶ 95-100),  based
on allegations that "Armory rental revenues properly belong to
the trustees of the Armory building, and should be allocated to
them" (Complaint ¶ 97).  Plaintiffs' opposition likewise asserts
that the Conservancy defendants have "usurped the role of the
original trustees" and that they have made "improper expenditures
. . . constituting unjust enrichment."  Pl. Mem. at 41.

    What is missing from the allegations of the complaint and
from plaintiffs' opposition is a plausible demonstration of
plaintiffs' legally-protected interest in revenues and
expenditures pertaining to the Armory.  <u>See</u> Pl. Mem. at 37-41.

-14-

The sole New York case plaintiffs cite concerning the elements of a cause of action for the imposition of a constructive trust confirms that the following are required:

> (1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment.

Sharp v. Kosmalski, 40 N.Y.2d 119, 121 (1976), cited in Pl. Mem. at 41. See also State Def. Mem. POINT IX.

Here, plaintiffs do not allege a legally-cognizable relationship with (a) the State, (b) the 107th Corps Support Group/Headquarters 53d Army Liaison Detachment, (c) the City, (d) ESDC, or (e) the Conservancy, much less a "confidential or fiduciary" relationship. They allege no "promise," express or implied, and they do not allege a transfer of a *res* made in reliance on a promise.

Lacking a showing of these criteria necessary to any constructive trust claim, plaintiffs' nevertheless contend that "the trustees have breached their trust and fiduciary duty" (Pl. Mem. at 40), and that "defendants must now answer for causing the trustees to breach their fiduciary responsibilities." Id. But the "trustees," that is, the senior officers of the 107th Corps Support Group/Headquarters 53d Army Liaison Detachment, at no time have owed any duty to plaintiffs or any other veterans or association of veterans.

-15-

On the contrary, the regimental officers' oath of office necessarily establishes a duty in favor of the nation, the sovereign State of New York, and the Governor.  The oath of office of a New York Army National Guard officer, which does, arguably, exemplify a fiduciary duty, is as follows:

> I, [name], do solemnly swear (or affirm) that
> I will support and defend the Constitution of
> the United States and the Constitution of the
> State of New York against all enemies,
> foreign and domestic; that I will bear true
> faith and allegiance to the same; that I will
> obey the orders of the President of the
> United States and of the Governor of the
> State of New York, that I make this
> obligation freely, without any mental
> reservation or purpose of evasion, and that I
> will well and faithfully discharge the duties
> of the office of [rank commissioned] in the
> National Guard of the State of New York upon
> which I am about to enter, so help me God.

32 U.S.C. § 312, as mandated by N.Y. Military Law § 73.

For the foregoing reasons, the complaint's sixth claim, for the imposition of a constructive trust and an accounting, fails to state a claim upon which relief can be granted and must be dismissed.

## POINT VIII

**THE COMPLAINT DOES NOT ALLEGE CLAIMS FOR
VIOLATIONS OF EQUAL PROTECTION OR THE
PRIVILEGES AND IMMUNITIES CLAUSE, AND SUCH
CLAIMS CANNOT BE ADDED NOW BY MEANS OF
PLAINTIFFS' OPPOSING MEMORANDUM**

Plaintiffs' opposing memorandum purports to add claims to the complaint, namely, an equal protection claim (Pl. Mem. at 8,

-16-

25-26) and a privileges and immunities claim (id. at 8-10).

The complaint is plainly structured to allege seven claims, with allegations with respect to each of the seven claims separately set forth in a specific subdivision of the complaint:

- First Claim For Relief: Substantive Due Process (Complaint ¶ ¶ 70-73).

- Second Claim For Relief: Public Use Clause (id. ¶ ¶ 74-78).

- Third Claim For Relief: Contract Clause (id. ¶ ¶ 79-81).

- Fourth Claim For Relief: Violation of N.Y. UDC Act (id. ¶ ¶ 82-91).

- Fifth Claim For Relief: Tortious Interference with Contract (id. ¶ ¶ 92-94).

- Sixth Claim For Relief: Constructive Trust and Accounting (id. ¶ ¶ 95-100).

- Seventh Claim For Relief: Violation of 42 U.S.C. § 1983 (id. ¶ ¶ 101-04).

The complaint cannot be "amended" now to add additional claims by means of plaintiffs' opposing memorandum. In this Circuit, "[a] party may not use his or her opposition to a dispositive motion as a means to amend the complaint." Shah v. Helen Hayes Hosp., 2007 U.S. App. LEXIS 25323, *4 (2d Cir. Oct. 29, 2007) (citing Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998)). See also Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996) ("in considering a motion to dismiss for failure to state a claim . . . a district court must limit itself to facts stated in the complaint or in

-17-

documents attached to the complaint as exhibits or incorporated
in the complaint by reference") (citations and internal quotation
marks omitted).

The 104-paragraph complaint does not contain a single
reference to the Privileges and Immunities Clause, and the phrase
"equal protection" appears in the complaint only once, in
Complaint ¶ 102:

> 102. Operating under color of state law,
> defendants deprived plaintiffs of their
> constitutionally protected statutory and
> contract rights and their civil rights of
> freedom of expression to recognize and honor
> citizen-soldiers through museum exhibits,
> programs and publications; their right of
> assembly and their statutory right of access
> to the Armory for events, presentations and
> ceremonies; and their due process and equal
> protection rights under the Fourteenth
> Amendment.

The foregoing hodgepodge of legal conclusions, buried at the
end of the complaint, cannot suffice to put defendants on notice
of an equal protection claim, where no reference to equal
protection appears anywhere else in the complaint. See,
generally, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)
(Rule 8(a) requires that a pleading give "fair notice of the
basis" for plaintiffs' claims).[6]

---

[6]The same holds true for plaintiffs' casual and conclusory
references to the First Amendment (Complaint ¶ ¶ 2, 69, 102),
with respect to which plaintiffs chose not to make a speech or
association claim one of their seven "claims for relief."

-18-

## Conclusion

THE MOTION SHOULD BE GRANTED IN ENTIRETY AND
THE COMPLAINT SHOULD BE DISMISSED

Dated:     New York, New York
           November 15, 2007

                            Respectfully submitted,

                            ANDREW M. CUOMO
                            Attorney General of the
                              State of New York
                            **Attorney for State Defendants**
                              **Berens and Sherman**
                            By:

                            _____
                            JOEL GRABER (JG-3337)
                            Assistant Attorney General
                            Special Litigation Counsel
                            120 Broadway - 24th Floor
                            New York, NY 10271-0332
                            (212) 416-8645
                            FAX (212) 416-6009
                            joel.graber@oag.state.ny.us

LITIGATION BUREAU

JOEL GRABER
Assistant Attorney General
Special Litigation Counsel

-19-