

STATE OF NEW YORK

OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

(212) 416-8645
FAX (212) 416-6009
joel.graber@oag.state.ny.us

LESLIE G. LEACH
Executive Deputy Attorney General
Division of State Counsel

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

*VIA ECF*

May 7, 2008

Hon. Barbara S. Jones
United States District Judge,
   Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York

> **Re: Fitzgerald v. Thompson**
>     S.D.N.Y. 07 Civ. 6851 (BSJ) (DCF)

Dear District Judge Jones:

   Further to the several motions to dismiss this action pending before Your Honor, we are enclosing for Your Honor's information an opinion of the Supreme Court of the State of New York, Appellate Division, First Judicial Department, rendered yesterday, May 6, 2008, unanimously affirming the decision in State of New York v. Seventh Regiment Fund, 13 Misc. 3d 222 (Sup. Ct. N.Y. Co. 2006), which held after a full trial that the State is the owner of all of the regimental art and artifacts in the Seventh Regiment Armory. The State v. Fund litigation is discussed in our memorandum of law on behalf of the Empire State Development Corporation defendants, dated October 4, 2007, at 25-26.

   The Appellate Division's opinion refers to the trial testimony of the President of the Seventh Regiment Fund. That individual is Kenyon B. FitzGerald, the principal plaintiff in the action before this Court.

120 Broadway, New York, N.Y. 10271-0332 ● Phone (212) 416-8610 ● Fax (212) 416-6075 • Not For Service of Papers
http://www.oag.state.ny.us

Respectfully,

*[signature]*

JOEL GRABER (JG-3337)
Assistant Attorney General
Special Litigation Counsel

Enc.

cc: (*w/ enc. via e-mail*)

Whitney North Seymour, Jr., Esq.
**Attorney for Plaintiff**
425 Lexington Ave., Room 1721
New York, NY 10017
wseymour@stblaw.com

Lewis R. Clayton, Esq.
Paul Weiss Rifkin Wharton & Garrison LLP
**Attorneys for Seventh Regiment Armory
   Conservancy Defendants**
1285 Avenue of the Americas
New York, NY 10019
lclayton@paulweiss.com

Joseph C. Petillo, Esq.
Senior Counsel/Special Projects
Empire State Development Corporation
633 Third Ave., 37th Floor
New York, NY 10017-6706
jpetillo@empire.state.ny.us

--- N.Y.S.2d ----, 2008 WL 1946899 (N.Y.A.D. 1 Dept.), 2008 N.Y. Slip Op. 04216

Supreme Court, Appellate Division, First Department, New York.
The STATE of New York, Plaintiff-Respondent,
v.
**SEVENTH REGIMENT** FUND, Defendant-Appellant.
May 6, 2008.

Law Office of Philip M. Chiappone, Brooklyn (Philip M. Chiappone of counsel), for appellant.

Andrew M. Cuomo, Attorney General, New York (Patrick J. Walsh of counsel), for respondent.

TOM, J.P., ANDRIAS, NARDELLI, WILLIAMS, JJ.

*1 Judgment, Supreme Court, New York County (Richard F. Braun, J.), entered October 27, 2006, after a nonjury trial, declaring plaintiff the owner of certain property, unanimously affirmed, without costs.

The trial court fairly interpreted the evidence in finding that defendant had failed to carry its burden, as the party asserting the statute of limitations, of proving that defense ( see New York City Campaign Fin. Bd. v. Ortiz, 38 AD3d 75, 80 [2006] ). In finding defendant to be a bona fide purchaser of the subject property so that plaintiff's conversion claim accrued upon demand and refusal in 1996, rather than at an earlier juncture ( see 98 N.Y.2d 249, 260-261), the court correctly determined that the 1952 transfer of the property was for value, not just with respect to the $1 consideration recited in the bill of sale but also in exchange for the assurance that the property would be properly cared for ( see UCC 1-201[44][d]; Apfel v. Prudential-Bache Sec., 81 N.Y.2d 470, 475-476 [1993]; Weiner v. McGraw-Hill, Inc., 57 N.Y.2d 458, 464 [1982]; Hamer v. Sidway, 124 N.Y. 538, 545 [1891] ). There was no showing that the transfer was not in good faith ( see UCC 1-201[19] ), notwithstanding the transferor's possibly ulterior motive. Nor was it shown that defendant had constructive knowledge of any defect in the transferor's title; in fact, the testimony and previously submitted affidavit of defendant's president, defendant's interrogatory response and the public circumstances of the transfer all indicated to the contrary.

In view of the foregoing, it is unnecessary to address defendant's other contentions.

N.Y.A.D. 1 Dept.,2008.
State v. **Seventh Regiment** Fund
--- N.Y.S.2d ----, 2008 WL 1946899 (N.Y.A.D. 1 Dept.), 2008 N.Y. Slip Op. 04216

END OF DOCUMENT

(C) 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.